# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEZZENIA A. RAMIREZ, | Case No. CV 07-2747-JTL |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

## PROCEEDINGS

On April 26, 2007, Jezzenia A. Ramirez ("plaintiff") filed a Complaint seeking review of the Social Security Administration's denial of her application for Disability Insurance Benefits. On May 18, 2007, Michael J. Astrue, Commissioner of Social Security ("defendant"), filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. On May 21, 2007, plaintiff filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on November 5, 2007, defendant filed an Answer to the Complaint. On January 28, 2008, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

**BACKGROUND**

On November 12, 2002, plaintiff filed an application for Disability Insurance Benefits. (Administrative Record ["AR"] at 97-99). Plaintiff alleged that beginning on August 12, 2002, she was unable to work because she suffered from fibromyalgia. (AR at 115). The Commissioner denied plaintiff's application for benefits, initially and upon review. (AR at 81, 82-85).

On or about March 11, 2003, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 86). On November 26, 2003, the ALJ conducted a hearing in Long Beach, California. (AR at 57-80). On February 2, 2004, the ALJ issued his decision denying benefits. (AR at 36-39). In the decision, the ALJ concluded that plaintiff suffered from the severe impairment of fibromyalgia, but her symptoms did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (AR at 38-39). The ALJ concluded that plaintiff could perform her past relevant work as a teacher's aide, secretary, customer service representative, and typist clerk. (AR at 38). Ultimately, the ALJ found that plaintiff was not disabled pursuant to the Social Security Act. (Id.). On August 6, 2004, the Appeals Council affirmed the ALJ's decision. (AR at 5-8).

Plaintiff then filed a civil action in this Court, under case number CV 04-7252-JTL. On January 31, 2006, the Court remanded plaintiff's case, instructing the ALJ to properly assess plaintiff's credibility regarding her subjective complaints. (See AR at 290-303). On March 30, 2006, the Appeals Council vacated the ALJ's decision and remanded the case to the ALJ for further proceedings consistent with the District Court's order. (AR at 304).

On September 6, 2006, the ALJ conducted a new hearing in Long Beach, California in accordance with the District Court's order. (AR at 316-23). Plaintiff's counsel appeared, but plaintiff was not present at the hearing. (See AR at 318-19). The ALJ deemed plaintiff a non-essential witness and proceeded with the hearing. The ALJ stated that he would issue a Notice to Show Cause to plaintiff to determine whether good cause existed for her failure to appear at the hearing. (AR at 318-19, 321-22). The ALJ issued the Notice to Show Cause on

September 8, 2006. (AR at 264-65). Plaintiff timely responded to the notice on September 14, 2006. (AR at 309-10).

Subsequently, on November 17, 2006, the ALJ issued a decision again denying benefits to plaintiff. (AR at 258-63). In his decision, the ALJ determined that plaintiff failed to show good cause and, thus, had constructively waived her right to appear for a hearing. Accordingly, the ALJ issued the decision based on the record. (AR at 258-59). The ALJ again concluded that plaintiff suffered from the severe impairment of fibromyalgia, but found that the impairment did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (AR at 259, 263). Although plaintiff's fibromyalgia could reasonably be expected to cause pain, the ALJ discredited plaintiff's subjective complaints as not fully credible. (AR at 260). The ALJ determined that plaintiff had the residual functional capacity to perform the full range of medium exertional work, including her past occupations of teacher's aide, secretary, customer service representative and clerk typist. (AR at 262). Accordingly, the ALJ concluded that plaintiff was not disabled at any time through the date of his decision. (Id.). On March 14, 2007, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (AR at 232-34).

Thereafter, plaintiff appealed to the United States District Court.

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following claims:

1. The ALJ incorrectly concluded that plaintiff constructively waived her right to appear at the September 6, 2006 hearing.

2. The ALJ failed to properly assess plaintiff's credibility.

3. The ALJ failed to accord proper weight to the opinions of treating sources.

///
///
///
///

3

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

## DISCUSSION

**A.    The Sequential Evaluation**

A claimant is disabled under Title II of the Social Security Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantially gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 141 (1987). Second, the ALJ must determine whether the claimant has a severe impairment. Parra, 481 F.3d at 746. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Parra, 481 F.3d

at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Parra, 481 F.3d at 746. If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantially gainful activity. Id.

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times, the burden is on the claimant to establish his or her entitlement to disability insurance benefits. Id. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

**B.    The ALJ's Determination That Plaintiff Waived Her Right To Appear At The Hearing**

Plaintiff alleges that the ALJ erred in finding that she had waived her right to a hearing based upon a purported contradiction between plaintiff's written statement that she did not receive the hearing notice and her counsel's statement at the hearing that he had spoken to plaintiff the day before and informed her of the hearing. (Joint Stipulation at 3-4). Plaintiff further asserts that she was an essential witness because the District Court remanded plaintiff's case so the ALJ could properly assess plaintiff's credibility and because plaintiff suffers from fibromyalgia, a disease diagnosed based almost entirely upon an individual's subjective complaints. (Joint Stipulation at 4, 9). Defendant argues that substantial evidence supports the ALJ's determination that plaintiff constructively waived her right to a hearing. (Joint Stipulation at 4-9).

At the September 6, 2006 hearing, the ALJ stated he had spoken to plaintiff's counsel off the record and they were "both a little surprised" that plaintiff was not at the hearing. (AR at 318). Without explaining the reasons for his determination, the ALJ found that plaintiff was not an essential witness at the hearing. The ALJ stated that he would issue a Notice to Show Cause to plaintiff to determine whether good cause existed for her failure to appear at the

hearing and whether a supplemental hearing was warranted. (AR at 318-19, 321-22). The ALJ acknowledged that the purpose of the hearing was to reassess plaintiff's pain. (AR at 318, 319).

Plaintiff's counsel objected to the ALJ's decision to proceed with the hearing in plaintiff's absence. He argued that plaintiff was an "indispensable party" at the hearing and that "there's no way we can appreciate what her pain levels are without her testifying." (AR at 318). Plaintiff's counsel explained that he had just located plaintiff the day before, and it would be appropriate to reschedule the hearing to allow plaintiff to appear and testify. Specifically, plaintiff's counsel argued that "to comply with the District Court's order [plaintiff was] . . . an indispensable party. She has to be here to talk about her pain. No one else can do it. And the records don't speak to the pain with the eloquence or completeness that she would because she lives with the pain." (AR at 318-19). The ALJ declined to postpone the hearing, but stated that if plaintiff had a "legitimate reason" for her nonappearance, "I'd like to hear what she has to say." He stated that he had transcripts of plaintiff's testimony at the previous hearing. (AR at 319). The ALJ proceeded with the hearing, taking the testimony of vocational expert Edward Kurata and allowing plaintiff's counsel an opportunity to question Kurata. (AR at 319-21).

The ALJ issued the Notice to Show Cause for Failure to Appear ("Notice to Show Cause") on September 8, 2006. (AR at 264-65). Plaintiff timely responded to the notice in a letter dated September 14, 2006. (AR at 309-10). In her response, plaintiff explained that she did not appear at the September 6, 2006 hearing because she had been ill and had not received the Notice of Hearing from the Court. (AR at 309). She explained that her correct address was "25030 Oak Street, Apt. F, Lomita, California 90717," and not "Apartment 5," which was the address listed on the Notice to Show Cause. (AR at 264, 309-10). Plaintiff also described how her pain affected her memory. She explained:

> Because I am in terrible pain all of the time, I do not sleep well at night. The pain causes me to toss and turn and get up over and over throughout the night. During the day, I am worn out and mentally confused. I have practically no memory. If someone

> talks to me, I will not remember what they said after five or ten minutes. If I start to do something and close my eyes, I will likely fall asleep and when I wake up I will not complete what I was doing. All of these mental problems are because of the pain and lack of sleep. It is not that I am stupid; it is just that I am massively deprived of sleep. I am forgetful of almost all things. I forget to microwave meals for my husband. I forget to clean up; I forget to take out the trash. I have someone who comes in and takes care of my child because I am unable to take care of my child. When I last saw you, I told you that I was too sick to take care of my child and my aunt and my cousins were taking care of my child. Now, my brother in law and his sister take care of my child. I can't do it. I don't have enough memory and I am in too much pain.
>
> The pain that I experience is terrible. It makes it difficult for me to focus mentally, to remember or to act. Before my change of insurance in June of 2005, my doctors at Kaiser had me on Morphine for pain management. My new doctors are not giving me Morphine, just Vicodin, and the pain is unbearable. I don't make meals; I don't leave my house except to see the doctors or on a very rare, good day. I nap during the day, if I close my eyes; I drift away, even if I am sitting up. I would like the opportunity to be present at my Hearing. I think that you will not understand how deep my pain is and how limiting my pain is to me unless I am able to testify in person, in front of you.

(AR at 309-10).

On November 17, 2006, the ALJ issued a decision denying benefits to plaintiff. (AR at 258-63). The ALJ stated that plaintiff's explanation that she did not receive the hearing notice

directly contradicted her counsel's in-court comments.  The ALJ also found that plaintiff had received actual notice of the hearing because a Notice of Hearing was sent to plaintiff at her last known address[1] and was not returned as non-deliverable.  Additionally, plaintiff's counsel had phone contact with plaintiff the day before the hearing.  Because plaintiff gave "inconsistent" reasons for her failure to appear at the hearing and had received actual notice of the hearing, the ALJ determined that plaintiff failed to show good cause and, thus, had constructively waived her right to appear for a hearing.  (AR at 258; see also id. at 262).  See HALLEX I-2-425(D).[2]  Accordingly, the ALJ issued his decision based on the existing record. (AR at 258-59).

Substantial evidence does not support the ALJ's determination that plaintiff constructively waived her right to appear for the hearing.  First, the record indicates that the Notice of Hearing dated August 17, 2006 was addressed to plaintiff at "P.O. Box 241, Harbor City, CA 90710."  (AR at 268).  This is the same address to which the Notice of Hearing was mailed to advise plaintiff of an earlier hearing for November 26, 2003, as well as other correspondence from the Social Security Administration.  (AR at 5, 33, 42, 46; see also id. at 61[3]).  The record indicates, however, that this address was not plaintiff's last known address. On September 8, 2006, only twenty-two days after the Notice of Hearing was mailed to the Harbor City address, the ALJ mailed the Notice to Show Cause to plaintiff at "25030 Oak St Apt 5, Lomita, CA 90717."  (AR at 264).  It is reasonable to assume that the ALJ would have mailed the Notice to Show Cause to plaintiff's last known address.  Additionally, in the "Address Information Request" sent from the ALJ to the Postmaster in Lomita, California on September

---

[1] See 20 C.F.R. § 404.938.

[2] HALLEX refers to the Social Security Administration Hearings, Appeals, and Litigation Law Manual, which provides interpretation of the regulation regarding dismissals.  McNatt v. Apfel, 201 F.3d 1084, 1088 (9th Cir. 2000).

[3] At her November 26, 2003 hearing, plaintiff confirmed that, at that time, she was still receiving mail at "P.O. Box 241" in Harbor City, California.  (AR at 61).  She told the ALJ that she would let his office know if she changed her mailing address.  (AR at 62).

8, 2006, the ALJ listed plaintiff's last known address as "25030 Oak St."[4] The Postmaster verified that mail was being delivered to plaintiff at that address. (AR at 308). Furthermore, in her response to the Notice to Show Cause, plaintiff stated that she did not receive the Notice of Hearing and explained that:

> My correct address is 25030 Oak Street, Apt. F, Lomita, California 90717. Mail, which is addressed to Apt. 5 is seldom delivered to me. I received your letter of September 8, [2006] only because I put a sticker with my full name on the inside and outside of my mailbox last week. I do not control what the postman does with my mail.

(AR at 309-10). That the hearing notice was not returned as nondeliverable does not refute the fact that the hearing notice was not mailed to plaintiff's last known address. There is also no indication in the ALJ's decision, or in the record itself, that plaintiff herself acknowledged receipt of the hearing notice.

Second, plaintiff's explanation that she did not receive the hearing notice did not directly contradict her counsel's in-court comment that he personally spoke to plaintiff the day before the scheduled hearing. In her response to the Notice to Show Cause, plaintiff stated that the pain she suffered caused massive sleep deprivation which, in turn, caused severe memory loss and mental confusion. (AR at 309). See, e.g., Green-Younger v. Barnhart, 335 F.3d 99, 108 (2d Cir. 2003) (plaintiff's complaint of disturbed sleep, inter alia, was "consistent with common symptoms of fibromyalgia"); Sarchet v. Chater, 78 F.3d 305, 306 (7th Cir. 1996) (principle symptoms of fibromyalgia include disturbed sleep). According to plaintiff, she had "practically no memory" and was "forgetful of almost all things." (AR at 309). At the September 6, 2006 hearing, both plaintiff's counsel and the ALJ were "surprised" that plaintiff did not appear at the

---

[4] In the record before the Court, the specific apartment unit listed by the ALJ is marked over. (See AR at 308). That the apartment unit is unclear does not, however, contradict the fact that the ALJ listed plaintiff's last known address as "25030 Oak St," in Lomita, California, rather than a P.O. Box address.

hearing. (AR at 318). Accordingly to Plaintiff, if someone spoke to her, she would not remember what he or she said five or ten minutes later. (AR at 309). Plaintiff's explanation of the severe memory loss resulting from her pain and lack of sleep was not inconsistent with her counsel's in-court statement that he had spoken to plaintiff the day before the hearing. Indeed, even if plaintiff's counsel received the Notice of Hearing, acknowledged the notice, and informed plaintiff of the hearing the day before it was scheduled, plaintiff's description of her memory loss explained her failure to appear at the hearing and that she effectively lacked notice.

Furthermore, the ALJ's error in determining that plaintiff had constructively waived her right to appear for the hearing was not harmless. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (a decision of the ALJ will not be reversed for errors that are harmless). The ALJ concluded that plaintiff suffered from the severe impairment of fibromyalgia, but her impairment was not listed. (AR at 259, 263). The ALJ rejected plaintiff's subjective complaints and credibility, and determined that plaintiff had the residual functional capacity to perform her past relevant work as a teacher's aide, secretary, customer service representative, and clerk typist. (AR at 262). In his decision, the ALJ stated:

> At the 2006 hearing and before I ruled on the non-essentiality issue, [plaintiff's] attorney told me that he had spoken with his client the day before, specifically telling her to be present at the hearing. Thus, [plaintiff's] sudden suggestion that she did not know of the hearing [citation] is patently false. That the claimant has not been credible about this matter, makes me question the reliability and accuracy of her subjective complaints as reported to her doctors as well as to me.
>
> Consequently, I find no basis to alter my prior determination that [plaintiff] retains the residual capacity for the full range of medium exertion.

(AR at 262). Because the ALJ rejected plaintiff's credibility based, in part, on plaintiff's "inconsistent" reasons for failing to appear at the hearing, the ALJ's error was not harmless.

Finally, the ALJ should have offered to postpone the hearing. When a representative appears without a claimant who is an essential witness, the ALJ should offer to postpone the hearing. McNatt, 201 F.3d at 1088. In this case, at the September 6, 2006 hearing, plaintiff's counsel argued that plaintiff was an "indispensable party," no one else could fully address her pain and "the records don't speak to the pain with the eloquence or completeness that she would because she lives with the pain." (AR at 318-19). The ALJ did not offer to postpone the hearing, but stated that if plaintiff had a "legitimate reason" for failing to appear, "I'd like to hear what she has to say." The ALJ did not provide any reasons to support a finding that plaintiff was a non-essential witness. The ALJ stated that he had transcripts of plaintiff's testimony at the November 26, 2003 hearing (AR at 319; see id. at 61-75), but plaintiff's testimony was necessarily limited to pain and limitations she suffered as of that date. As the ALJ indicated in his November 17, 2006 decision, plaintiff had to establish disability on or before December 31, 2004, which was plaintiff's date last insured and over one-year since her previous hearing. (AR at 259). Furthermore, the additional medical records submitted in connection with the remand of plaintiff's case, and considered by the ALJ in his decision, covered the period between July 2003 and March 2004, which was also before plaintiff's date last insured. (See AR at 260-62, 311-315). Notably, the ALJ acknowledged that the purpose of the hearing was to reassess plaintiff's pain and stated that if plaintiff had a "legitimate reason" for her nonappearance, "I'd like to hear what she has to say." (AR at 318-19). Thus, substantial evidence did not support the ALJ's finding that plaintiff was a non-essential witness.

To the extent the ALJ relied on plaintiff's response to the Notice to Show Cause for Failure to Appear as pain testimony, the ALJ's reliance was misplaced. (See AR at 260). There is no indication that Plaintiff intended her written response the Notice to Show Cause to do anything more than provide reasons for her failure to appear at the hearing. (See AR at 309-10). Plaintiff did not intend her written statements to fully express or represent the extent of her pain, especially in light of her statements that, "I would like the opportunity to be present

at my Hearing. I think that you will not understand how deep my pain is and how limiting my pain is to me unless I am able to testify in person, in front of you." (AR at 309-10).

C.     **Remand is Required to Remedy Defects in the ALJ's Decision**

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully. Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990).

Here, the Court finds remand appropriate. As discussed above, this case should be remanded. On remand, the ALJ should obtain the testimony of plaintiff regarding the pain and limitations she suffered as a result of her fibromyalgia prior to December 31, 2004 in determining whether the impairment prevents plaintiff from performing her past relevant work.[5]

**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS this action for further administrative proceedings consistent with this Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: February 28, 2008

/s/
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE

---

[5] In the Joint Stipulation, plaintiff also contends that the ALJ failed to properly assess plaintiff's credibility and by failing to accord proper weight to the opinions of treating sources. As explained above, however, the ALJ's errors in finding that plaintiff constructively waived her right to appear at the September 6, 2006 hearing and was a non-essential witness constitute sufficient reasons to remand this case. Moreover, depending on the outcome of the proceedings on remand, the ALJ will have an opportunity to address plaintiff's other arguments again. In any event, the ALJ should consider all the issues raised by plaintiff in the Joint Stipulation when determining the merits of plaintiff's case on remand.